UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20219-KING

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

JOSE LUIS RAMOS RODRIGUEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Jose Luis Ramos Rodriguez. [ECF No. 62]. Based upon the change of plea hearing conducted on May 12, 2022, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1.    The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Court Judge with his attorney, and the Assistant

United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Count 1 of the Indictment filed in this case, which charges him with conspiracy to possess with intent to distribute a controlled substance, to wit, cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b). I advised Defendant that the maximum penalty the Court could impose is a term of up to life imprisonment, with a mandatory minimum sentence of ten (10) years' imprisonment, followed by a minimum term of supervised release of five (5) years and a maximum term of life. I also advised the Defendant that he is ineligible for probation, and that, in addition to any term of imprisonment, the Court may impose a fine of up to $10,000,000, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant was also advised of the possibility of restitution and the potential for immigration consequences, including deportation or removal. Defendant acknowledged that he understood the possible penalties, including the statutory minimum and maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. The parties had agreed to certain terms for Defendant's plea but did not enter into a written plea agreement. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Count 1 of the Indictment, and the Government will seek dismissal of Count 2 at the time of sentencing; the parties agree to application of acceptance of responsibility and safety valve reductions to Defendant's base offense level under the Sentencing Guidelines if he qualifies; the applicable Sentencing Guidelines range will be based on 870 kilograms of cocaine; the Government will not seek an enhancement under the Sentencing Guidelines based on Defendant's role in the offense; the Government has not agreed to a reduction under the Sentencing Guidelines based on Defendant's role in the offense, but Defendant may seek such a reduction; the Government will not seek an enhancement under the Sentencing Guidelines based on obstruction of justice or reckless endangerment based on the United States Coast Guard's use of disabling fire. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

6. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing has been set by separate order. [ECF No. 63].

As I advised the parties in open court, the parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 13th day of May 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE


cc: The Honorable James Lawrence King
    Counsel of record